Haley R. Green v. Commissioner.
Green v. Commissioner
Docket No. 1767-65.
United States Tax Court
T.C. Memo 1966-279; 1966 Tax Ct. Memo LEXIS 2; 25 T.C.M. (CCH) 1443; T.C.M. (RIA) 66279; December 30, 1966
Richard B. Polk, 501 Stahlman Bldg., Nashville, Tenn., for the petitioner. Charles G. Barnett, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1963 in the amount of $369. The issue for decision is whether petitioner is entitled to a deduction for a dependency credit for each of his three minor children for the calendar year 1963. Findings of Fact Some of the facts have *3 been stipulated and are found accordingly. Petitioner who resides at Kingston Springs, Tennessee, filed his individual Federal income tax return for the calendar year 1963 with the district director of internal revenue at Nashville, Tennessee. Petitioner was formerly married to Mattie Lou Green. They had three children, Peggy born on October 27, 1950, Donald born on June 10, 1952, and Vicki born on July 21, 1954. Petitioner and Mattie Lou Green were divorced by an order of the Third Circuit Court of Davidson County, Tennessee entered on July 10, 1956. By an order of that same court dated September 8, 1960, petitioner was required to pay to the Clerk of the Court the sum of $22.50 per week as support for the three minor children of himself and his former wife. After the entry of the divorce decree of July 10, 1956, Mattie Lou Green married Aaron J. Seay. From August 22, 1960 to June 25, 1963, the three children of petitioner and Mattie Lou Green Seay resided in the Baptist Orphanage in Williamson County, Tennessee; and from June 26, 1963 to December 31, 1963, and for some period of time thereafter, these children resided with their mother, Mattie Lou Green Seay, in Kansas *4 City, Missouri. Originally the custody of the children had been placed in their maternal grandmother who, in August 1960, had placed them in the Baptist Orphanage in Williamson County, Tennessee. The child support payments which petitioner made to the Clerk of the Circuit Court of Davidson County, Tennessee between September of 1960 and June of 1963 were held by the clerk in an account for the benefit of the minor children, and specific disbursements were made from that account only upon court order. Disbursements totaling $375 were made from the account during the years 1961, 1962, and 1963 for the purpose of purchasing clothes for the children and paying attorneys' fees incurred for services rendered on behalf of the children. During the calendar year 1963 petitioner paid a total of $933.50 to the Circuit Court Clerk of Davidson County, Tennessee as child support. Of this amount $382.50 was held by the clerk in the account for the benefit of the children and the balance of $551 was paid over by the clerk to Mattie Lou Green Seay. In September of 1964, pursuant to court order, the Circuit Court Clerk of Davidson County, Tennessee paid a total of $2,326.27 to the Baptist Orphanage *5 of Williamson County, Tennessee. This amount was the net amount in the account held by the Circuit Court Clerk for the benefit of the minor children of petitioner and his former wife. In addition to the payments made in the calendar year 1963 to the clerk of the court in accordance with the court order, petitioner spent certain amounts for clothing for each of his three children and for small items which he would take to them when he visited them at the orphanage once a month. During 1963 he spent $43.36 for such items for Vickie, $64.24 for Peggy and $66.90 for Donald making a total amount so expended by petitioner of $174.50. In addition petitioner had the three children stay with him during the year 1963 for one week and spent $50 on food and miscellaneous items for them during that week. The Baptist Orphanage of Williamson County, Tennessee keeps records of the amounts expended for its operation and also maintains a record of the number of children cared for at the orphanage and determines the average amount spent per child by the orphanage each year by dividing the total operating costs of the orphanage for the year by the average number of children cared for during the year. *6 The figures from which the computation of the cost of care per child may be made are maintained in the ordinary course of running the orphanage, and from these books an audit report is made by a certified public accountant which also shows the computed average yearly cost of care per child at the Baptist Orphanage. These records were maintained for the calendar year 1963 as well as for years prior thereto and subsequent thereto. Ultimate Fact Petitioner has failed to establish that he contributed more than one-half of the support of his three minor children during the calendar year 1963. Opinion Section 151(e) of the Internal Revenue Code of 1954, provides for an exemption of $600 for each dependent as defined in section 152, and section 152(a) defines a dependent to include certain specified persons which include children of a taxpayer "over half of whose support, for the calendar year * * * was received from the taxpayer * * *." Petitioner in the instant case has shown the amount he contributed to the support of his three children but has not shown the amount of their total support. We have included in our findings all amounts which the evidence *7 shows were spent by petitioner for the children. The total of the amounts spent by petitioner during the year 1963 including his support payments to the Clerk of the Circuit Court of Davidson County and all other items which he and his present wife testified he spent for the children is $1,158. Respondent called as a witness the individual in charge of the books of the Baptist Orphanage. This witness testified that books were kept by him for the orphanage from which could be computed the average cost of care per child of the children cared for by the orphanage during the year 1963. However, the witness had not brought the books into Court even though he had been asked to do so. An objection by petitioner's counsel to testimony from summaries from those books not made by the witness but made by a certified public accountant who audited the books of the children's orphanage was sustained. Therefore, as the record stands it shows that there was available information to show the total cost of the support, or a good indication of the total cost of support of the three children for approximately one-half of the calendar year here involved. Petitioner did not produce this evidence and did *8 not offer an explanation of his failure to produce such evidence. Petitioner testified that he had been unable to obtain from his former wife information with respect to cost of the support of the children while they resided with her. The record is therefore totally devoid of any information to show the total cost of support of the children during the calendar year 1963. The burden is on petitioner to show that he contributed more than one-half of the support of the children during the calendar year 1963 and this he has totally failed to do. The total amount paid for support of the three children by petitioner during the year 1963 is $1,158, an average amount per child of $386. We do not consider that we are justified in concluding without any evidence as to the total amount spent for the support of each of petitioner's three children, that the amount paid by petitioner constituted over one-half of the support of any one of them. Because of failure of proof on the part of petitioner, Decision will be entered for respondent.